SEALED                                                                                   SEALED

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jeremy Lakeem Gassett, | ) | Case No. 20-6391-STRAUSS |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 20, 2020,__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2119 | Carjacking |
| 18 U.S.C. 1201 | Kidnapping |
| 18 U.S.C. 924(c)(1)(A)(iii) | Discharging a Firearm During a Crime of Violence |
| 18 U.S.C. 922(g)(1) | Possession of Ammunition by a Convicted Felon |

FILED BY ___AT___ D.C.

**Aug 27, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Christie Schade, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of
Fed. R. Crim. P. 4.1 by FACETIME

Date: August 27, 2020

*Judge's signature*

City and state: Fort Lauderdale, Florida

Jared M. Strauss, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christie Schade, being duly sworn, depose, and state the following:

### INTRODUCTION

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since November 2016. In this capacity, my responsibilities include, but are not limited to, investigating violations of federal law, including the Gun Control Act and other Title 18 offenses. I am currently assigned to the Broward County High Intensity Drug Trafficking Area ("HIDTA") Task Force, which consists of various federal, state, and local law enforcement agencies tasked with investigating drug trafficking organizations in the area. Prior to serving as an ATF special agent, I was a police officer with the Fort Lauderdale Police Department for seven (7) years.

2. I make this affidavit in support of a criminal complaint charging **JEREMY LAKEEM GASSETT** with violating Title 18, United States Code, Sections 2119 (Carjacking), 1201 (Kidnapping), 924(c)(1)(A)(iii) (Discharging a Firearm During a Crime of Violence), and 922(g)(1) (possession of ammunition by a convicted felon).

3. I submit this affidavit based on my personal knowledge, as well as information provided to me by other individuals, including other law enforcement officials, and my review of records and other evidence obtained during the course of this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, it does not include every fact known to me about this matter.

2

## PROBABLE CAUSE

### August 20, 2020

4. On or about August 20, 2020, at approximately 6:11 a.m., a young woman ("BW") received a call from the father of her child ("TW"). TW advised that he had eluded law enforcement and needed BW to pick him up from Hialeah, Florida. BW subsequently drove to Hialeah in a 2020 Chevrolet Impala, white in color, bearing a Texas tag.[1] Upon arriving, TW and an unknown black male – later identified as JEREMY LAKEEM GASSETT – entered BW's vehicle. While BW remained in the driver seat, TW sat in the front passenger seat and GASSETT sat in the rear passenger seat. BW noticed that GASSETT wore an ankle monitor and had a bag with him. BW drove the three of them to Lauderdale Manors Drive, where GASSETT advised that he lived. Upon arriving, GASSETT stated, "he's not home."[2] GASSETT then asked BW to drive to a different location. Upon reaching that location, GASSETT produced a firearm, pointed it at the back of TW's head, and shot TW once in the back of the head. Immediately after pulling the trigger, GASSETT jumped towards the front of the vehicle and forcefully kicked TW out of the vehicle. With the firearm still in his hand, GASSETT ordered BW to give him money. This resulted in BW driving to an ATM to get him money. She first drove to a Bank of America branch, located at 1601 East Oakland Park Boulevard, Fort Lauderdale. While there, she withdrew approximately $740.00 and provided it to GASSETT. When GASSETT stated that he needed more money, BW drove him to the Bright Star Credit Union, located at 1879 North State Road 7, Lauderhill, Florida, where she withdrew approximately $1,000.00 and gave it to GASSETT. After taking the money, GASSETT directed BW to the area of Northwest 19th Street. On the way, GASSETT began removing ammunition from the firearm that he used to shoot TW and throwing it out the window.

---

[1] The Chevrolet Impala was a rental vehicle owned by Enterprise. Enterprise confirmed that the vehicle had traveled across state lines prior to August 2020.
[2] It is unknown to whom GASSETT was referring.

3

Unbeknownst to GASSETT, he dropped a single round of ammunition onto the floorboard of the vehicle. GASSETT directed BW to an apartment complex in the area of Northwest 41st Avenue and Northwest 26th Street in Lauderhill, stating that this was where his brother lived.[3] GASSETT then directed BW to drive to the area behind a nearby laundromat. Upon reaching this location, GASSETT proceeded to forcibly rape BW inside of the vehicle. Prior to committing the rape, GASSETT opened the bag that he had brought with him, which contained multiple condoms, and used one during the rape. After committing the rape, GASSETT fled from the vehicle on foot, leaving his bag in the vehicle. BW immediately notified law enforcement.[4]

5. After the events described in Paragraph 4 occurred, law enforcement met with BW and interviewed her. During this time, law enforcement obtained a copy of the video surveillance footage from the laundromat, which captured GASSETT adjusting and pulling up his pants as he exited the vehicle; wiping down the exterior door handle with an article of clothing while the vehicle reversed from the scene with the front passenger door wide open; and fleeing the area. Law enforcement also found and seized a used condom in the surrounding area that appeared to have been there for a short period of time and undisturbed.

6. While law enforcement tended to BW, an officer located TW based on the location information provided by BW. The officer observed a possible gunshot wound in the back of TW's head. Once Fire Rescue arrived to the scene, it transported TW to the hospital for further treatment.

7. Later that evening, BW discussed what had happened with her family. Having seen GASSETT with TW the previous night, the family members inquired about the perpetrator's appearance. After confirming that he had dark skin, bad teeth, a beard, and a face tattoo, one of the family members obtained a photograph of GASSETT from Facebook and provided it to BW.

---

[3] Law enforcement confirmed that GASSETT does have a brother who lives near this location.
[4] At no time did B.W. feel that it was safe to flee from GASSETT due to her having witnessed GASSETT shooting T.W. and the fear that instilled in her.

4

Upon seeing the photograph, BW confirmed that GASSETT was the perpetrator. BW subsequently provided that image to law enforcement.

### Jeremy Lakeem Gassett

8. GASSETT is a convicted felon, having been previously convicted of crimes punishable by imprisonment exceeding one year. For example, in 2018, GASSETT received a sentence consisting of more than a year imprisonment for committing grand theft of a motor vehicle.

9. On or about July 28, 2020, a state court judge allowed GASSETT to be placed on pretrial release on his pending state case for Grand Theft Auto. One condition of his release was that he was to remain on home confinement while wearing a GPS tracking device on his ankle. The device required him to charge the battery once a day for two hours. On August 13, 2020, the battery completely depleted, thereby precluding the state probation office from tracking his whereabouts since that date. GASSETT's current whereabouts are unknown.

10. On or about July 28, 2020, prior to his release from state custody, GASSETT made a telephone call. During the call, GASSETT admitted that he was "gonna f*** that boy" in reference to an individual by the name "TMac." GASSETT stated that one of the reasons for this statement was because he claimed that "TMac" tried to rape his (GASSETT's) girlfriend.[5]

### Ongoing Investigation

11. On or about August 21, 2020, law enforcement presented a photographic lineup to BW consisting of six photographs, one of which depicted GASSETT from a prior arrest. This photograph was different than the one BW had previously provided to law enforcement (see

---

[5] Law enforcement learned that T.W. went by the nickname "T" but have not confirmed that he or anyone else went by "TMac."

5

Paragraph 7). After reviewing the lineup, BW positively identified GASSETT as the person who "[r]aped me in the car after shooting my kid[']s dad and taking my money."

12. Law enforcement conducted a search of BW's vehicle and observed a single round of ammunition, a Bank of America debit card belonging to BW, and a receipt from Bright Star Credit Union. The single round of ammunition – a Hornady .38 caliber special – was manufactured outside the State of Florida and thus, must have traveled in and affected interstate commerce prior to entering the state. Law enforcement then found and searched the bag that GASSETT had left in the vehicle and found multiple condoms, small plastic baggies, a toothbrush, soap, and men's underwear.

13. A latent print examination of BW's vehicle confirmed that GASSETT's fingerprint was found on the interior door handle in the rear passenger area.

## CONCLUSION

14. Based on the information provided above, the undersigned affiant respectfully submits that probable cause exits to believe that on or about August 20, 2020, Jeremy GASSETT did commit violations of Title 18, United States Code, Sections 2119 (Carjacking), 1201 (Kidnapping), 924(c)(1)(A)(iii) (Discharging a Firearm During a Crime of Violence), and 922(g)(1) (Possession of Ammunition by a Convicted Felon).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Special Agent Christie Schade
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES

Attested to by the applicant and in accordance with the requirements Fed. R. Crim. P. 4.1 by FACETIME on this 27 day of August 2020.

_____
JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE